IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 23-10121-JWB

RODNEY GAINES,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss. (Docs. 20, 21.) The government opposes the motions. (Docs. 22, 23.)

Defendant is charged with one count of violating 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm. (Doc. 1). Defendant argues that § 922(g)(1) violates the Second Amendment under the standard articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Doc. 20 at 2.) The Tenth Circuit has held that § 922(g)(1) remains constitutional under *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009). *Vincent v. Garland*, 80 F.4th 1197, 1201–02 (10th Cir. 2023). Recently, this court expressed its concerns regarding the approach taken by the Tenth Circuit in *Vincent*. *See United States v. Clapp*, Case No. 22-10100-JWB, Doc. 31. Just last week, the United States Court of Appeals for the Ninth Circuit undertook the analysis this court found appropriate in *Clapp* and determined that, under *Bruen*, § 922(g)(1) is unconstitutional as applied to a non-violent felon. *United States v. Duarte*, __ F.4th __, 2024 WL 2068016, at *24 (9th Cir. May 9, 2024). However, as conceded by Defendant, his arguments are currently foreclosed by binding Tenth Circuit precedent, which this court is obliged to follow.

1

Defendant also moves to dismiss on the basis that § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power.  (Doc. 21 at 1.)  Again, Defendant concedes that this argument is also foreclosed by the Tenth Circuit but raises the issue to preserve it for further review.  *See United States v. Patton*, 451 F.3d 615, 634–36 (10th Cir. 2006).

Defendant's motions to dismiss (Docs. 20, 21) are accordingly denied.

IT IS SO ORDERED.  Dated this 16th day of May, 2024.

       s/ John W. Broomes      
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE